UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH KIRKPATRICK,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>THE PEOPLE OF CALIFORNIA,<br><br>　　　　Respondent. | Case No. CV 08-5338-JSL (JTL)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

　　　　On August 14, 2008, Kenneth Kirkpatrick ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254 in the United States District Court for the Central District of California.

　　　　On August 18, 2008, the Court issued an Order Dismissing the Petition for Writ of Habeas Corpus with Leave to Amend. In the Order, the Court found that the Petition contained the following deficiencies: (1) Petitioner failed to name the proper respondent; (2) Petitioner failed to sign the Petition under penalty of perjury[1]; and (3) it appeared that Petitioner had failed to exhaust his state court remedies with respect to his claims for relief. (August 18, 2008 Order at 1-3). In the Order, the Court explained that a state prisoner must exhaust his state court

---

[1] Petitioner signed the Memorandum in Support of the Petition, but did not do so under penalty of perjury, and the Petition itself does not contain Petitioner's signature.

remedies before petitioning for a writ of habeas corpus in federal court.[2] (See August 18, 2008 Order at 2). The Court also explained that a petitioner satisfies the exhaustion requirement if the petitioner has fairly presented the federal claims to the state courts in order to give the state the opportunity to pass upon alleged violations of the prisoner's federal rights, and that a claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.[3] (See id.). The Court stated that Petitioner failed to allege in the Petition that he had raised any of his claims for relief before the California Supreme Court. As such, it appeared that Petitioner failed to exhaust his state court remedies on his claims. (Id.). It also appeared that Petitioner may have intended the Petition to be filed in the Los Angeles County Superior Court, rather than in federal court.[4] (Id. at 2-3). Thus, the Court directed Petitioner to file no later than September 17, 2008[5] one of the following: (1) a First Amended Petition correcting the stated deficiencies; or (2) a Notice of Intent to Voluntarily Dismiss the Petition, informing the Court that he wishes to voluntarily dismiss the entire Petition without prejudice in order to return to state court for the purpose of exhausting his state remedies on all claims and later file another habeas petition in federal court containing only exhausted claims. (See id. at 3-4). The Court also admonished Petitioner that his failure to timely respond to the Court's Order may result in a recommendation that the action be dismissed for failure to prosecute. (Id. at 4).

  Subsequently, on October 10, 2008, the Court issued an Order sua sponte extending the time for Petitioner to file a First Amended Petition to October 20, 2008. To date, Petitioner

---

[2] See 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

[3] See Duncan, 513 U.S. at 365-66.

[4] Petitioner addressed the Petition to the "Superior Court of California[,] County of Los Angeles," and utilized a state habeas form petition to present his claims. (See Petition at "Page one of six"). Further, in response to the portion of the form petition asking Petitioner to "state the circumstances justifying an application to this court" in the event the "petition might lawfully have been made to a lower court," Petitioner states, "This is the lower court." (See Petition at "Page six of six").

[5] The Court ordered Petitioner to file a responsive pleading within thirty (30) days of the Court's August 18, 2008 Order, which was on or before September 17, 2008.

has not filed a First Amended Petition, nor has he requested an extension of time to do so.

Therefore, because Petitioner has failed to comply with the Court's August 18, 2008 Order, the Court **ORDERS** Petitioner to show cause in writing why the Petition should not be dismissed without prejudice for failure to prosecute. Petitioner's Response to the Court's Order to Show Cause shall be due within ten (10) days of the date of this Order. Petitioner's failure to respond to this Order to Show Cause will be deemed as consent to the dismissal of this case, and the Court will recommend that the matter be dismissed without prejudice for failure to prosecute.

DATED: October 31, 2008

                                          /s/
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE